# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMISON STIRILING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1932 AGF |
| | ) | |
| ST. LOUIS COUNTY POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' pro se motion for temporary restraining order [Doc. #11].

Plaintiffs filed the instant action pursuant to 42 U.S.C. § 1983 against defendants St. Louis County Police Department, St. Louis County Building Inspector H. Gresham and St. Louis County Police Officer Rink. Also named as defendants were two unknown St. Louis County Police Officers.

In their complaint for monetary damages and injunctive relief, plaintiffs allege a pattern of harassment and intimidation by defendants Gresham and Rink relating to defendants' purported attempts to evict plaintiffs from multiple residences in St. Louis County. Specifically, plaintiffs allege that on November 4, 2011, defendants

Rink and Gresham illegally entered plaintiff Stiriling's home[1], without consent or a warrant, and conducted an illegal search of the home in violation of the Fourth Amendment of the United States Constitution.  Plaintiffs assert that during the illegal search, defendants Rink and Gresham verbally harassed and threatened plaintiffs Thomas and Jacob Knibb and cited the plaintiffs for false ordinance violations relating to the premises.  Plaintiffs claim that defendants Rink and Gresham then ordered them to abate the violations or vacate the premises no later than November 7, 2011.

Plaintiffs filed the instant action on November 7, 2011, seeking to hold defendants liable for the purported unlawful behavior, as well as restrain defendants from evicting them from their home.  Plaintiffs also filed a motion for a temporary restraining order, requesting that the Court enjoin defendants from threatening the Plaintiffs and from enforcing the ordinance violations or evicting the plaintiffs.

The Court conducted a hearing on the motion for temporary restraining order on November 7, 2011.  All identified parties were present for the hearing.  After evidence was presented by plaintiffs on the motion, the parties were able to agree to a schedule allowing plaintiffs additional time to abate any ordinance violations at

---

[1] Plaintiffs assert that Jamison Stiriling owns the house identified in the complaint, while plaintiffs Thomas and Jacob Knibb also maintain a residence there.

their residence and apply for a re-occupancy permit. By the parties' agreement, plaintiffs were given seven (7) days to apply to St. Louis County for a re-occupancy permit, which, by ordinance, would then provide plaintiffs with ninety (90) days to schedule a reinspection of the premises. The defendants agreed that during the time period given to plaintiffs to schedule reinspection, eviction proceedings would not be commenced. Based on this agreement, plaintiffs agreed that there would be no need for a temporary restraining order.

In light of the agreement by the parties, the Court will deny plaintiffs' motion for temporary restraining order as moot. The parties will be given ten (10) days from the date of this Order to inform the Court whether there will be a need for a hearing on plaintiffs' motion for preliminary injunction [Doc. #8]. If the parties wish to proceed on plaintiffs' motion for preliminary injunction, they shall confer and provide the Court with a joint proposed scheduling plan with regard to the time period by which the hearing should occur, the issues to be addressed at the hearing, and a schedule for discovery and the filing of briefs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for temporary restraining order [Doc. #11] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that ten (10) days from the date of this Order, the parties shall inform the Court whether there is a need to schedule a hearing on plaintiffs' motion for preliminary injunction [Doc. #8].

**IT IS FURTHER ORDERED** that should the parties wish to proceed on plaintiffs' motion for preliminary injunction [Doc. #8], they shall file, within ten (10) days from the date of this Order, a joint proposed scheduling plan setting forth the time period by which the hearing should occur, the issues to be addressed at the hearing, and a schedule for discovery and the filing of briefs related to the motion.

Dated this 8th day of November, 2011.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE