UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMISON STIRILING, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:11CV01932 AGF |
| ) | |
| ST. LOUIS COUNTY POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motion to compel discovery of the compact disc ("CD") marked as Exhibit A-1 to Plaintiffs' complaint. The exhibit is described by Plaintiffs as a CD showing the events that took place at Plaintiffs' residence on November 4, 2011, which form the basis of this action. However, a CD was not in fact attached to the complaint, and Defendants' efforts to obtain it through discovery have been futile. A hearing was held on the motion on November 13, 2012, at which the Court heard testimony, evidence, and arguments. Plaintiff Stiriling testified that after the Court directed Plaintiffs during a telephone conference to turn over the CD to Defendants, he mailed the CD to a law enforcement officer, and that Plaintiffs did not retain a copy of the CD. Defendants have been unable to locate such an officer who has or ever had possession of the CD.

Having had an opportunity to review the evidence and assess the credibility of the witnesses, the Court does not credit Plaintiffs' testimony. If indeed the CD supported Plaintiffs' allegation regarding what happened on November 4, 2011, the Court does not find it credible that Plaintiffs would have mailed by regular mail the only copy of the CD to a

nonparty, nor is Plaintiff Stiriling's explanation for why he did not make a copy of the CD at all believable. Furthermore, Plaintiffs have failed to explain to the Court's satisfaction why they did not attach the CD or a copy thereof to the complaint as they indicated they were doing, and why they did not later provide this evidence to Defendants, in response to Defendants' express requests for its production, or to the Court, before Plaintiffs allegedly mailed it to a nonparty.

On this record, the Court finds that Plaintiffs have failed to produce a key piece of evidence, directly related to the events in question, that Plaintiffs allege existed. If the CD did exist, it is undisputed that Plaintiffs still had this CD in their possession after the suit was filed, and after Defendants requested its production. But Plaintiffs now allege the sole copy of the CD is lost, and they have failed to provide a credible explanation for its disappearance. The Court finds this conduct, including the failure to produce the CD when it was in their possession, to be in bad faith.

Nevertheless, the Court does not believe that Plaintiffs' failure to produce the CD to Defendants warrants dismissal of their action with prejudice, the sanction that Defendants seek. Plaintiffs may be able to present sufficient evidence from eyewitnesses to present a question of fact, and ultimately to convince a jury, that Plaintiffs' constitutional rights were violated by Defendants on November 4, 2011. Rather, the Court believes that the appropriate sanction is to allow Defendants to argue in support of a motion for summary judgment, and to the jury should Plaintiffs survive summary judgment, that a negative inference against Plaintiffs may, but need not, be drawn, to the effect that the CD would not have supported Plaintiffs' version of events that occurred on November 4, 2011. If the case goes to a jury, Defendants will be entitled to such an adverse inference instruction.

Because the Court is not prepared to find that Plaintiffs intentionally destroyed the CD out of a desire to suppress the truth, Defendants will not be permitted to argue that in fact the CD would have supported Defendants' version of events. *See Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir. 2004) (stating that "there must be a finding of intentional destruction indicating a desire to suppress the truth" before a full adverse inference instruction is justified); *see also Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' request to dismiss Plaintiffs' complaint as a sanction for failing to produce the CD marked as Exhibit A-1 to Plaintiffs' complaint is denied.

**IT IS FURTHER ORDERED** that Defendants are entitled to the negative inference described above due to Plaintiffs' failure to produce the CD in question.

**IT IS FURTHER ORDERED** that Defendants' motion to compel discovery of the CD marked as Exhibit A-1 to Plaintiffs' complaint is **DENIED** as moot. (Doc. No. 57.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of April, 2013.