UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMISON STIRILING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.   4:11CV01932 AGF |
| | ) | |
| ST. LOUIS COUNTY POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

In their complaint for monetary damages and injunctive relief, Plaintiffs Jamison Stiriling, Thomas Knibb, and Jacob Knibb allege various constitutional violations by Defendants Gresham, Rinck,[1] and other unidentified individuals relating to Defendants' purported illegal entry and search of their residence at 11931 Roseview Lane in St. Louis, Missouri, without consent or a warrant, on November 4, 2011.  Now before the Court is Stiriling's motion to amend the complaint, along with the proposed amended complaint. (Doc. Nos. 50, 50-1 at 1-4.)

**Background**

Pursuant to the Case Management Order ("CMO") entered August 13, 2012, "[a]ll motions for joinder of additional parties or amendment of pleadings shall be filed no later than **September 28, 2012**."  (Doc. No. 44 at ¶ 2.)  On October 12, 2012, just two

---

[1]  Plaintiff identifies this defendant as Officer "Rink."  (*See* Doc. No. 1.)  In all pleadings filed by Defendants, he is identified as Officer Rinck.  The Court will use Defendants' spelling of his name.

weeks past the deadline, Stirling filed the instant motion to amend the complaint.  (Doc. No. 50.)

At the outset, the Court emphasizes that the motion to amend is signed only by Stirling; the proposed amended complaint is signed by Stirling and Thomas Knibb. Jacob Knibb has not joined in either pleading.  The Court has repeatedly admonished Stirling that as a *pro se* plaintiff, he may represent only himself in this action.  He does not and cannot act on behalf of his co-plaintiffs.

In this motion, Stirling states that "early on" in the litigation, "Plaintiffs requested the names of all the officers present at the Plaintiffs' residence on Friday, November 4, 2011."  (Doc. No. 50 at ¶ 1.)  Subsequently, on April 10, 2012, Plaintiffs sent a request for production of documents to Defendants seeking "[a]ny and all police reports" related to the Plaintiffs or the subject property.  (Doc. No. 50 at ¶ 2.)  On September 28, 2012, Plaintiffs received "a large packet of documents" from Defendants. (Doc. No. 50 at ¶ 3.)  One document included was Defendants' Initial Disclosures pursuant to Rule 26(a)(1), dated September 26, 2012, which lists individuals who may have discoverable evidence regarding the November 4, 2011 incident.  (Doc. No. 110 at 22-29.)  Stirling argues that due to Defendants' delay in providing this information, Plaintiffs were unable to amend their complaint before the September 28, 2012 deadline. (Doc. No. 50.)

Defendants argue that the motion to amend is untimely, and the proposed amended complaint does not relate to the original complaint.  In support, Defendants state

that they did respond to Plaintiffs' request for production of documents.[2]  (Doc. No. 54.)

The only document specifically noted in their response is a "Field Inspection report dated

November 4, 2012."  (Doc. No. 54 at ¶ 2; *see* Doc. No. 50-1 at 7-9.)  Defendants did not

provide a copy of that document with their response, and the Court was unable to find a

copy of that report anywhere in the Court's record, so the Court directed Defendants to

file a copy of that Field Inspection Report.  (Doc. No. 158.)  Defendants promptly

complied with that directive.  (Doc. No. 159.)

**<u>Discussion</u>**

Under the Federal Rules of Civil Procedure, "[t]he court should freely give leave

[to amend pleadings] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However,

"Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading

outside of the time period established by a scheduling order, not the more liberal standard

of Rule 15(a)."  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008);

*see also Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).  Once the

CMO's deadline passes, a plaintiff first must show good cause under Rule 16(b) for

failure earlier to seek leave to amend before a court will consider whether amendment is

proper.  *Id.*  "The primary measure of good cause is the movant's diligence in attempting

to meet the [CMO's] requirements," and a court "generally will not consider prejudice [to

---

[2]  According to exhibits filed by Stirling, Defendants sent their response to
Plaintiff's request for production of documents on April 27, 2012.  (Doc. No. 50-1 at 7-
9.)

the nonmovant] if the movant has not been diligent in meeting the scheduling order's

deadlines." *Id.* (internal quotations and citations omitted).

In this case, Stirling sought leave to file an amended complaint just two weeks

after the deadline established by the CMO.  His motion sets forth why he was unable to

seek leave to amend prior to the CMO's September 28, 2012 deadline:  Defendants did

not provide Plaintiffs with Rule 26(a)(1) required initial disclosures until September 28,

2012, despite Stirling's numerous requests for this information.[3]

Defendants have not provided any viable argument or evidence to contradict

Stirling's assertion.  Defendants point only to the November 4, 2011 Field Inspection

Report that was produced to Plaintiffs on April 27, 2012.  This Field Inspection Report is

just over one page long.  Other than Plaintiffs, the only individual mentioned by name is

Officer Rinck; the report does not even identify who prepared the report.  (Doc. No. 159-

1.)  Thus, the Field Inspection Report does not come close to providing Plaintiffs with the

identities of all the individuals present for the November 4, 2011 incident.

Defendants offer no other support to establish that they provided Plaintiffs with

the identities of all individuals present during the November 4, 2011 incident at Plaintiffs'

residence.  Moreover, Defendants did not provide Plaintiffs with their Rule 26(a)(1)

required disclosures until September 28, 2012, more than ten months after the action was

filed, and on the last day that parties could join additional parties or amend their

---

[3]   The Case Management Order sets a deadline of September 28, 2012, for "all disclosures required by Rule 26(a)(1)."  (Doc. No. 44 at ¶ 3(A).)

pleadings.[4]  Finally, Defendants make no persuasive argument that they will be prejudiced in any way by allowing Plaintiffs to file an amended complaint.

In their response, Defendants raise two other points.  First, they assert that "[a]s to the need to amend their complaint, Plaintiffs had a copy of a disc that they have alleged recorded the whole incident," but Plaintiffs have failed to provide a copy of that disc to Defendants.  (Doc. No. 54 at ¶ 3.)  The existence and non-production of that purported disc is the subject of many motions filed in this action.  However, it is unclear to the Court how issues involving this disc have any bearing on whether Plaintiffs may file an amended complaint to identify the parties previously named only as Unknown St. Louis County Police Officer defendants.

Second, Defendants point out that several allegations in the proposed amended complaint relate to an incident that occurred on January 23, 2012, rather than the November 4, 2011 incident that gave rise to this action.  (Doc. No. 54 at ¶ 4.)  Defendants argue that Plaintiffs could have amended their complaint to include this incident well before the CMO deadline of September 28, 2012, but failed to do so.  Defendants are correct, but this argument does not negate the fact that Defendants did not provide Plaintiffs with initial disclosures until September 28, 2012, which precluded Plaintiffs

---

[4]  On June 20, 2012, Defendants stated that "Counsel for Defendants have provided Plaintiff Jamison Stirling *[sic]* all discovery in their possession that was not overbroad or irrelevant."  (Doc. No. 33 at ¶ 4.)  This statement is contradicted by Defendants' September 26, 2012 Initial Disclosures pursuant to Rule 26(a)(1), sent to Plaintiffs over three months later.  (Doc. No. 110 at 22-29.)

from filing an amended complaint regarding the November 4, 2011 incident prior to that date.

The general allegations regarding the January 23, 2012 incident are that Defendant Rinck and Officer Schue responded to a domestic dispute involving Stirling and Thomas Knibb.  Stirling asserts that Rinck and Schue coerced Knibb into writing a false statement that would exonerate Rinck and other police officers regarding the claims originally raised in this lawsuit.  Knibb was told that he would only receive police assistance at that time if he wrote and signed the statement as dictated to him by Schue and Rinck.

The Court finds that the January 23, 2012 incident appears sufficiently related to the November 4, 2011 incident, despite Defendants' contentions, to allow joinder of this claim in this action.  *See* Fed. R. Civ. P. 18(a).  At the same time, the Court finds that Stirling has shown good cause for his failure to file an amended complaint regarding the November 4, 2011 incident prior to September 28, 2012, and he has also shown his diligence in attempting to meet the CMO's schedule.  Moreover, the Court finds that Defendants will not be prejudiced by allowing Plaintiffs to file an amended complaint with regard to the November 4, 2011 incident.

Accordingly, Stirling's motion for leave to file an amended complaint shall be granted.  However, neither Thomas Knibb or Jacob Knibb has joined in this motion, and Stirling does not act on their behalf.  As set forth below, Thomas Knibb and Jacob Knibb shall have an opportunity to join in the amended complaint or, in the alternative, to proceed with this litigation under the original complaint (Doc. No. 1).  If they wish to do

so, however, they must each promptly file a motion to join in Stirling's motion, and must each sign the proposed amended complaint.  Any Plaintiff who does not join in the motion to amend and sign the proposed amended complaint will proceed on the current complaint.

**Related Matters**

On April 16, 2013, Stirling filed a "motion to exclude in lieu of allowing the plaintiffs to amend the complaint."  (Doc. No. 166.)  Stirling is willing to withdraw his motion to amend the complaint (Doc. No. 50), such that he would only proceed against Defendants Rinck, Gresham, and St. Louis County.  However, Stirling will withdraw his motion to amend *only if* the Court enters an order excluding any evidence or testimony from Andrew Vinyard, Michael Cavanaugh, K. Mumford, John McKenna, and Steven Schue.  The Court will not enter such an exclusionary order, and this motion will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Stirling's motion to file an amended complaint is **GRANTED**.  (Doc. No. 50.)  The Clerk is **DIRECTED** to file only these specified pages as the first amended complaint: Doc. No. 50-1, pages 1-4.

**IT IS FURTHER ORDERED** that within ten (10) days of the date of entry of this Order, Plaintiffs Thomas Knibb and Jacob Knibb may file a motion for leave to amend the complaint, accompanied by the amended complaint bearing his signature.

**IT IS FURTHER ORDERED** that if either Thomas Knibb or Jacob Knibb does

-7-

not file a motion for leave to amend the complaint, accompanied by an amended

complaint bearing his signature, within the prescribed time, he shall proceed under the

original complaint (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff Stirling's "motion to exclude in

lieu of allowing the plaintiffs to amend the complaint" is **DENIED**.  (Doc. No. 166.)

Dated this 30th day of April, 2013.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE