UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMISON STIRILING, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.  4:11CV01932 AGF |
| | ) |
| ST. LOUIS COUNTY POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Several discovery-related motions are currently pending in this action, many of which are discussed and resolved below.

### MOTIONS FILED BY PLAINTIFF STIRILING

**Motions to Exclude Testimony (Doc. No. 106)**

In this motion, Stiriling discusses an incident that occurred on July 27, 2012. The gist of his motion is that Defendants failed to provide him with copies of the police report and order of protection before the time for discovery in this action closed on September 28, 2012, and the information they provided was incomplete with respect to any investigators, officers, or other witnesses to the incident. Thus, Stiriling seeks an order to exclude from this action all testimony and evidence about the July 27, 2012 incident.

Defendants did not respond to this motion. However, in their response to Stiriling's motion to compel production of these documents (Doc. No. 90), Defendants

state that they have provided him with these documents. (Doc. No. 98.) Plaintiff has not since suggested otherwise. Accordingly, this motion to exclude shall be denied.

**Motions to Exclude Evidence (Doc. Nos. 107, 117)**

In his first motion, Stirling asks the Court to exclude all evidence related to any alias names alleged to have been used by Stirling, as well as any evidence related to past criminal convictions of Stirling and Thomas Knibb, because Defendants have failed and refused to produce this information as sought in his April 18, 2012 Request for Production of Documents. (Doc. No. 107.)[1] In his amended motion, he also asserts that Defendants "willfully suppressed evidence," which led in part to the failed ADR process. (Doc. No. 117.) Thomas Knibb has not joined in either motion.

Defendants did not respond to either of these motions. On February 5, 2013, Stirling filed under seal a copy of his Mules Criminal History report. (Doc. No. 126.) Thus, Stirling managed to obtain this information regarding his own criminal history, negating the need to exclude this evidence. Stirling cannot represent Thomas Knibb, and Knibb has not joined in the request to exclude evidence or testimony regarding his own criminal history. Accordingly, these motions shall be denied.

**Motion to Exclude Officer Schue as Defense Witness (Doc. No. 110)**

Stirling states that Defendants' initial disclosures, sent to Plaintiffs on September 26, 2012, do not list Steven Schue as one of their potential witnesses. (*See* Doc. No. 110 at 21-29.) On December 20, 2012, Defendants sent a letter to Plaintiffs

---

[1] There is only one page of this motion in the Court's record. (Doc. No. 107.)

identifying Schue as an additional witness. (*See* Doc. No. 110 at 30.) With that letter was a police report written by Schue regarding a January 23, 2012 incident involving Plaintiffs, as well as a statement written by Thomas Knibb on that date. (*See* Doc. No. 110 at 5-20.)

Defendants did not respond to this motion. However, in their memorandum in support of their motion for sanctions, they argue that Stirling cannot seek exclusion of Schue as a witness when Plaintiffs listed Schue as a witness in Plaintiffs' Rule 26(a) disclosures. (Doc. No. 114 at 4.) Defendants did not attach a copy of Plaintiffs' disclosures, but in his response to the motion for sanctions, Stiriling admits that Plaintiffs listed Schue as a potential witness. (Doc. No. 115 at ¶ 17.)

The Court finds that Plaintiffs will not be prejudiced by allowing Defendants to call Schue as a witness because (1) Schue was identified to Plaintiffs in a supplemental disclosure, and (2) Plaintiffs had already identified Schue in their initial disclosures. Thus, this motion to exclude will be denied.

**Motion to Compel (Doc. No. 116)**

Stiriling seeks production of all documents in Defendants' possession related to Plaintiffs' criminal histories and alias names alleged to have been used by Plaintiffs. Plaintiffs sought this information in their request for production of documents (*see* Doc. 108 at 10-11), but Defendants failed and refused to provide them with these documents. Stiriling states that on January 27, 2013, he spoke with Defendants' counsel Robert Fox in an attempt to resolve this matter, but Fox advised Stiriling that "he could get the

information from the same place [Fox] had gotten it." (Doc. No. 116 at ¶ 4.)  Defendants did not respond to this motion.

The instant motion to compel is filed only by Stiriling, and the Court finds that Plaintiff Stiriling is entitled to production of all documents in Defendants' possession related to Plaintiff's criminal histories and alias names alleged to have been used by Plaintiff.  Thus, this motion to compel shall be granted with respect to Stiriling and denied with respect to Thomas Knibb or Jacob Knibb.  Further, Stiriling's request for an award of $1000 as compensation for having to file the instant motion shall be denied. Defendants will have seven (7) days from the date of entry of this order to produce these documents to Stiriling.

## MOTIONS FILED BY DEFENDANTS

Defendants have filed three separate motions seeking sanctions against Plaintiffs (Doc. Nos. 113, 128, 144); in one motion, they also seek an order compelling Plaintiffs Stiriling and Thomas Knibb to answer interrogatories.  (Doc. No. 128.)  In all three motions, Defendants seek the sanction against Plaintiffs of dismissal of this action with prejudice.  As grounds for their motions, Defendants assert that (1) Stiriling and Thomas Knibb have "failed to provide answers to any of Defendants' interrogatories," (2) Stiriling has filed numerous frivolous motions in this action, and (3) Stiriling has failed to produce the compact disc that purportedly contains photographic evidence of the November 4, 2011 incident that gave rise to this action.

In response to these motions, Stiriling argues that dismissal of this action is overly harsh and not appropriate in this circumstance.  (*See* Doc. Nos. 115, 152, 153,

154, 161.) He states that Defendants refused to provide Plaintiffs with documents possessed by Defendants relating to Plaintiffs' alias names and criminal histories, even after Stiriling was deposed.[2] Stiriling asserts that he needs this information so he can truthfully answer interrogatories under oath, as he is unable to recall exact details relating to his past convictions. (Doc. Nos. 152, 154.)

      The Court agrees that the sanction of dismissal of the action is not warranted, and these requests will be denied. On the other hand, Defendants are entitled to Plaintiffs' answers to interrogatories, an issue that Defendants have tried to resolve unsuccessfully via telephone, in writing, and in person. (*See* Doc. No. 128.) The Court has already granted Stiriling's motion regarding production of documents from Defendants related to Stiriling's alias names and criminal history. Thus, Stiriling has no further basis for delay in answering Defendants' interrogatories. Thomas Knibb has offered no explanation for his own delay in answering Defendants' interrogatories, and Stiriling cannot speak on his behalf.

      Thus, Defendants' motion to compel answers to Defendants' interrogatories shall be granted. Plaintiffs Stiriling and Thomas Knibb shall have 14 days from the date of entry of this order to provide written answers to Defendants' interrogatories.

---

    [2] As an exhibit to his responses, Stiriling filed an audio CD that purportedly is a recorded conversation on January 30, 2013, between Stiriling and Robert Fox, counsel for Defendants. In that conversation, Stiriling asks Fox for copies of documents that Fox allegedly promised to give him at the deposition. Fox says that he is "not going to turn it over to [Stiriling]" because the information Stiriling seeks is public record. (Exhibit E to Doc. No. 152; Exhibit E to Doc. No. 154.) Nothing said in this conversation specifies exactly what documents or public records are at issue.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Stiriling's motion to exclude the Report 12-44765 and the Child Protective Order is **DENIED**.  (Doc. No. 106.)

**IT IS FURTHER ORDERED** that Plaintiff Stiriling's motion to exclude any evidence related to alias names used by Stiriling and any evidence related to past criminal convictions of Stiriling and Thomas Knibb is **DENIED**.  (Doc. No. 107.)

**IT IS FURTHER ORDERED** that Plaintiff Stiriling's motion to exclude Officer Schue as a defense witness is **DENIED**.  (Doc. No. 110.)

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions against Plaintiffs Stiriling and Thomas Knibb, dismissing their complaints with prejudice, is **DENIED**.  (Doc. No. 113.)

**IT IS FURTHER ORDERED** that Plaintiff Stiriling's motion to compel any and all documents related to any criminal convictions of Plaintiffs or aliases of Plaintiff Stiriling, and an award of $1000 for the necessity of filing this motion to compel, is **GRANTED in part and DENIED in part**.  Specifically, the motion is granted with respect to production of documents related to Stiriling, and denied in all other respects.  (Doc. No. 116.)

**IT IS FURTHER ORDERED** that within seven (7) days of the date of entry of this Memorandum and Order, Defendants shall produce to Plaintiff Stiriling all

documents in Defendants' possession related to Stiriling's criminal history and alias names alleged to have been used by Stiriling.

**IT IS FURTHER ORDERED** that Plaintiff Stiriling's amended motion to exclude any evidence related to alias names used by Stiriling and any evidence related to past criminal convictions of Stirling and Thomas Knibb is **DENIED**. (Doc. No. 117.)

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions and to compel Plaintiffs Stiriling and Thomas Knibb to fully answer discovery requests is **GRANTED in part and DENIED in part**. Specifically, the motion is granted with respect to compelling answers to interrogatories by Stiriling and Knibb, and denied in all other respects. (Doc. No. 128.)

**IT IS FURTHER ORDERED** that within fourteen (14) days of the date of entry of this Memorandum and Order, Plaintiffs Stiriling and Thomas Knibb shall fully answer the interrogatories previously submitted to them by Defendants.

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions against Plaintiffs Stiriling and Thomas Knibb, dismissing their complaints with prejudice, is **DENIED**. (Doc. No. 144.)

Dated this 30th day of April, 2013.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE