UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMISON STIRILING, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11CV01932 AGF |
| ) | |
| ST. LOUIS COUNTY POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiff Jamison Stirling's motion to compel Defendants "to produce all e-mails sent to and received by or from Defendant Herlain Gresham, Lora Mather, and Paul Alexander related to 11931 Roseview Lane, 11927 Larimore Road, and 2365 Fair Acres Road." This request is to include "e-mails sent or received by such persons on November 4, 2011 and any photos attached to such e-mails." (Doc. No. 125.)

**Discussion**

In his request for production of documents, Stirling requested "[a]ny and all . . . emails . . . naming any of the Plaintiffs or naming as the subject address one or more of the addresses detailed in the opening paragraph of this request." (Doc. No. 125 at 3-4.) In his instant motion, Stirling states that Defendants have failed to comply with this request; that Stirling contacted opposing counsel on or about February 4, 2013, to resolve the matter; and that he was advised that "such e-mails had been destroyed," thus making production impossible.

In their response, Defendants state that the emails on Defendant Gresham's computer are deleted after 90 days as part of the County's routine system updates. The emails regarding 11931 Roseview Lane were sent by Gresham on November 4, 2011, and Plaintiffs filed this action on November 7, 2011. However, Stirling did not make his request for document production until April 10, 2012, more than 150 days after the complaint was filed. Thus, Defendants assert that the emails sent by Gresham were no longer available at the time of Stiriling's request for document production. (Doc. No. 127.) Defendants did not raise any objections to the request for production.

The "obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation – *most commonly when suit has already been filed, providing the party responsible for the destruction with express notice*, but also on occasion in other circumstances, as for example when a party should have known that the evidence may be relevant to future litigation." *Kronisch v. United States*, 150 F.3d 112, 126 (2nd Cir. 1998) (emphasis added), *overruled on other grounds by Rotella v. Wood*, 528 U.S. 549 (2000); *see also Gerlich v. United States Dep't of Justice*, 711 F.3d 161, 170-71 (D.C. Cir. 2013); *Beaven v. United States Dept of Justice,* 622 F.3d 540, 554 (6th Cir. 2010); *Burlington N. & Santa Fe Ry. Co. v. Grant,* 505 F.3d 1013, 1032 (10th Cir. 2007); *Silvestri v. Gen. Motors Corp.,* 271 F.3d 583, 591 (4th Cir. 2001).

> A party that anticipates litigation is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request. Consequently, upon anticipation of litigation, parties must suspend their routine document

retention/destruction policies and put in place a 'litigation hold' to ensure the preservation of relevant documents.

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 496 (E.D. Va. 2011) (internal quotations and citations omitted); *see also Coral Group, Inc. v. Shell Oil Co.*, 286 F.R.D. 426, 441 (W.D. Mo. 2012) (parties must preserve potentially relevant evidence under their control).

When Plaintiffs filed this action on November 7, 2011, Stiriling also filed a motion for emergency preliminary injunction. (Doc. No. 8.) A hearing was held that same day, at which Defendants' counsel Kathryn Linnenbringer was present. (Doc. No. 13.) Thus, as of the day the action was commenced, Defendants were on notice of the existence of the lawsuit, as well as the subject matter. Defendants' obligation to preserve evidence arose at that time, ***not*** at the time they were served with Plaintiffs' request for production of documents.

As such, Defendants are directed immediately to determine all sources, including back-up computer files, where such emails may still exist. Defendants shall thereafter file a notice with the Court advising of any and all sources from which said emails may be retrieved, and shall show cause why they should not be required to retrieve and produce said documents.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Stiriling's motion to compel Defendants to produce any and all e-mails sent by, to, or from Defendant Herlain

Gresham, Lora Mather, and Paul Alexander related to 11931 Roseview Lane, 11927 Larimore Road, and 2365 Fair Acres Road, and any photos attached to such e-mails, is **GRANTED** to the extent set forth herein. (Doc. No. 125.)

      **IT IS FURTHER ORDERED** that Defendants shall immediately make a thorough and complete determination of all sources, including hard copy files and electronic files, and including any and all back-up files, and make a good faith effort to uncover all responsive information in their possession, custody or control.

      **IT IS FURTHER ORDERED** that on or before **May 31, 2013**, Defendants shall file a notice with the Court advising of any and all sources from which the requested emails may be retrieved, and shall show cause why they should not be compelled to retrieve and produce said emails from those sources.

      Dated this 21st day of May, 2013.

                                                     */s/ Audrey G. Fleissig*
                                                    AUDREY G. FLEISSIG
                                                    UNITED STATES DISTRICT JUDGE